I vote for a reversal of the judgment of conviction and for a new trial.

WILLARD BARTLETT, Ch. J., COLLIN, SEABURY and POUND, JJ., concur with CHASE, J.; HOGAN, J., reads dissenting opinion; HISCOCK, J., absent.

Judgment of conviction affirmed.

---

BENJAMIN SCHLOSSBERG, Respondent, *v.* HENRY BRODY et al., Appellants.

Contract — breach of contract of employment — damages — evidence — erroneous admission of evidence to show profits lost by breach of contract.

In an action to recover damages for breach by defendants of a contract employing plaintiff to make for them all of certain articles which they might market during a certain period, evidence is admissible to show that under a former similar contract and under

similar general conditions plaintiff had made up a certain number of similar articles as tending to establish the number which he would have made under the later contract if permitted to complete the same. But evidence of the profits made by plaintiff under said former contract is inadmissible to show the profits which he would have realized under his later contract in the absence of evidence showing that the prices received and expenses incurred by him for making said articles were the same under both contracts.

*Schlossberg* v. *Brody*, 160 App. Div. 161, reversed.

(Argued December 7, 1915; decided January 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 16, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Nathan* and *Armin H. Mittleman* for appellants. Improper proof of plaintiff's damage was allowed by the trial court over defendants' objection and exception. (*Brightson* v. *Claflin*, 180 N. Y. 76.)

*I. Gainsburg* for respondent. The method of proving the element of the plaintiff's damage in this case was proper. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Dickinson* v. *Hart*, 142 N. Y. 183; *Stevens* v. *Amsinck*, 149 App. Div. 220; *Herman* v. *Pierce Company*, 105 App. Div. 16; *Horton* v. *Hall & Clark Mfg. Co.*, 94 App. Div. 404; *Bates* v. *Holbrook*, 89 App. Div. 548; *Stowell* v. *Manufacturers & M. Ins. Co.*, 61 App. Div. 58; *More* v. *Knox*, 52 App. Div. 145; *Lavens* v. *Lieb*, 12 App. Div. 487; *Cross* v. *Florsheim*, 102 App. Div. 498; *Crittenden* v. *Johnson*, 7 App. Div. 258; *Stowell* v. *Greenwich Co.*, 20 App. Div. 188.)

HISCOCK, J. This action was brought to recover damages caused by the alleged breach by defendants of a contract of employment by them of plaintiff. The verdict of

the jury has established the correctness of the latter's claim that defendants hired him as an "inside contractor" to make up all of the skirts which might be manufactured by them in their business during the period commencing in October, 1910, and expiring August 1, 1911, and that they inexcusably discharged him in December, 1910. In attempting to establish the damages which he suffered as the result of this unlawful discharge, plaintiff was allowed over defendants' objections to introduce certain evidence the admission of which presents the only questions necessary to be considered on this appeal.

Under their contract defendants furnished all of the materials from which the skirts were to be made and plaintiff supplied the necessary labor to make up these materials receiving a certain price for each skirt and paying from the price thus received the wages of his employees and one or two other minor items of expense. It is thus apparent that the profits which he would have derived from his employment if continued as agreed would have been dependent upon the number of skirts which he would have had an opportunity to make up and the excess on each skirt of price received by him from defendants over wages and expenses paid out by him.

Although defendants continued in the business after plaintiff's unlawful discharge, and, therefore, if so disposed, probably could have told with accuracy just how many skirts they did manufacture and which plaintiff could have made up under his contract, the latter not unnaturally elected not to rely upon the books or other evidence of these hostile persons in proving his case, but sought to accomplish this result in another way.

It appeared that two years before the term of the contract in question he had been in the employment of defendants doing the same kind of work and under the same general form of contract as are involved in this action, and he gave evidence tending to show that during

four months of his prior contract which were the same as four of the months included in the unexpired term of his present contract he made up 80,000 skirts, and in connection with this evidence he offered further testimony tending to show that the general conditions affecting the market for skirts were substantially the same in the former as in the latter year. From this evidence the court permitted the jury to find the number of skirts that he probably would have made up for defendants if he had not been discharged, and this evidence was vigorously objected to.

With some hesitation I reach the conclusion that the evidence as a whole did furnish some indication of the work which the plaintiff probably would have had an opportunity to perform for the defendants during the months in question if he had not been discharged. It was, it is true, pretty general and rather unsatisfactory; but so far as appears it was the best which plaintiff could give without calling upon and being bound by the statements of his adversaries, and that he naturally might wish to avoid. I think the evidence may be justified within the principles laid down in *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205).

But of course, as has already been suggested, evidence of the number of skirts upon which plaintiff would have had an opportunity to work if he had not been discharged furnished *only one* of the elements necessary to enable the jury to determine what his damages were. The question still remained what his profits would have been in making these skirts, and in the attempt to establish this I think error was committed which was duly objected to and which calls for the reversal of the judgment.

Plaintiff gave evidence indicating the amount of profits which he made during the prior year from month to month and also which he made on each skirt. Apparently there were many varieties of skirts and it was testified that the prices received by him for making up the different

styles of skirts were about the same during both years. There was, however, so far as I can find, no definite or reliable evidence that the cost to him of making these skirts was the same each year. The large item of cost consisted of wages and his margin on each skirt was a small one. We know perfectly well that wages in such a business as this in the city of New York are subject to constant disturbance and variation and it would be unsafe to indulge in any presumption that the wages which prevailed in 1909 would continue in effect two years later. The mere evidence that his profits in the former year amounted to certain sums is no evidence whatever that the same profits would have prevailed in the later year unless it appears that the prices received and paid out by him were substantially the same and, therefore, would produce the same balance to be retained as his gain.

For these reasons I think the judgment appealed from should be reversed and a new trial granted, costs to abide event.

CHASE, COLLIN, HOGAN, SEABURY and POUND, JJ., concur; WILLARD BARTLETT, Ch. J., concurs in result.

Judgment reversed, etc.