ROBERT C. WIGAND and ELEANOR E. MARSHALL, as Executors, etc., of CHARLES F. WIGAND, Deceased, Respondents, *v.* BACHMANN-BECHTEL BREWING COMPANY, Appellant.

Appeal by the defendant from a judgment and order.

Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Mills, Blackmar and Kelly, JJ., concur.

PUTNAM, J.: I concur with the following reservation: I think the law applicable to a straight contract to make and sell a manufactured product has here been confounded and misapplied to this peculiar agreement to take a by-product, varying according to the beer brewed. Defendant could slow down the brewing business or speed it up, according to such conditions of trade. Lowering its output meant taking a longer period for the 500,000 barrels, and delayed the wet grain going to plaintiff. No question that this shutdown was a breach. But a breach did not make fixed and certain damages. Damages depended first on how much wet grain would have been delivered, and that in turn depending on the trade for brewing, not in general, but on the conditions in this brewery. Suppose low supply of malt, hard financial conditions and reduced drinking led to half a normal output of beer, with wet grain correspondingly diminished. This might protract the 500,000 barrels of beer which was the agreed limit of the contract. Hence in estimating the profits from this breach (which really is based on a forecast of what will be the business after the breach), defendant's brewing conditions must be regarded. So I cannot sustain the exclusion of testimony at folios 395 *et seq.* and 471 of the record. (See *Schlossberg* v. *Brody*, 216 N. Y. 579.)